Marc Zemel
Evelyn Mailander
SMITH & LOWNEY, PLLC
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PUGET SOUNDKEEPER ALLIANCE,    )
    )
           Plaintiff,    )
    )
v.    )
    )    COMPLAINT
REPUBLIC SERVICES ALLIANCE    )
GROUP, INC.,    )
    )
           Defendant.    )
_____  )

## I.    INTRODUCTION

1.    This action is a citizen suit brought under Section 505 of the Clean Water Act ("CWA") as amended, 33 U.S.C. § 1365. Plaintiff, Puget Soundkeeper Alliance ("Soundkeeper"), seeks declaratory judgment, injunctive relief, the imposition of civil penalties, and the award of costs, including attorneys' and expert witnesses' fees, for Defendant Republic Services Alliance Group, Inc. d/b/a Republic Services of Bellevue, also known as Eastside Disposal Hauling Co. and/or Bellevue Hauling Yard's (collectively, "Republic Services") repeated and ongoing violations of the terms and conditions of its National Pollutant Discharge

COMPLAINT - 1

Elimination System ("NPDES") permit authorizing certain pollutant discharges from Republic Services' facility in Bellevue, Washington to navigable waters.

## II.    JURISDICTION AND VENUE

2.    The Court has subject matter jurisdiction over Soundkeeper's claims under Section 505(a) of the CWA, 33 U.S.C. § 1365(a). Sections 309(d) and 505(a) and (d) of the CWA, 33 U.S.C. §§ 1319(d) and 1365(a) and (d), authorize the relief Soundkeeper requests.

3.    Under Section 505(b)(1)(A) of the CWA, 33 U.S.C. § 1365(b)(1)(A), Soundkeeper notified Republic Services of its violations of the CWA and of Soundkeeper's intent to sue under the CWA by letter dated and postmarked April 8, 2026 ("Notice Letter"). A copy of the Notice Letter is attached to this complaint as Exhibit 1. The allegations in the Notice Letter are incorporated herein by this reference. In accordance with section 505(b)(1)(A) of the CWA, 33 U.S.C. § 1365(b)(1)(A) and 40 C.F.R. § 135.2(a)(1), Soundkeeper notified the Administrator of the United States Environmental Protection Agency ("EPA"), the Administrator of EPA Region 10, and the Director of the Washington Department of Ecology ("Ecology") of its intent to sue Republic Services by mailing copies of the Notice Letter to these individuals on April 8, 2026.

4.    At the time of the filing of this Complaint, more than sixty days have passed since the Notice Letter and copies thereof were issued in the manner described in the preceding paragraph.

5.    The violations complained of in the Notice Letter are continuing and/or are reasonably likely to re-occur.

COMPLAINT - 2

SMITH & LOWNEY, PLLC
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

6.    At the time of the filing of this Complaint, neither the EPA nor Ecology has commenced any action constituting diligent prosecution to redress the violations alleged in the Notice Letter.

7.    The source of the violations complained of is in King County, Washington, within the Western District of Washington, and venue is therefore appropriate in the Western District of Washington under Section 505(c)(1) of the CWA, 33 U.S.C. § 1365(c)(1), and 28 U.S.C. § 1391(b).

### III.    PARTIES

8.    Soundkeeper is suing on behalf of itself and its members.

9.    Soundkeeper is a non-profit corporation organized under the laws of the state of Washington. Soundkeeper is dedicated to protecting and preserving the environment of Washington State, especially the quality of its waters. Soundkeeper is a membership organization and has at least one member who is injured by Republic Services' violations.

10.    Soundkeeper has representational standing to bring this action. Soundkeeper's members are reasonably concerned about the effects of discharges of pollutants, including stormwater from Republic Services' facility, on water quality and aquatic species and wildlife that Soundkeeper's members observe, study, use, and enjoy. Soundkeeper's members are further concerned about the effects of discharges from Republic Services' facility on human health. In addition, discharges from Republic Services' facility lessen Soundkeeper's members' aesthetic enjoyment of nearby areas. Soundkeeper has members who live, work, swim, and recreate around or use Goff Creek, Kelsey Creek, Mercer Slough, and Lake Washington which are affected by Republic Services' discharges. Soundkeeper's members' concerns about the effects of Republic Services' discharges are aggravated by Republic Services' failure to record and

COMPLAINT - 3

SMITH & LOWNEY, PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

report information about its discharges and pollution controls in a timely manner. The recreational, scientific, economic, aesthetic, and/or health interests of Soundkeeper and its members have been, are being, and will be adversely affected by Republic Services' violations of the CWA. The relief sought in this lawsuit can redress the injuries to these interests.

11.    For example, one member of Soundkeeper has lived in Bellevue's West Bellevue neighborhood since 2007. This member lives just half a mile from Mercer Slough, into which Kelsey Creek and Goff Creek flow, and into which Republic Services discharges its polluted stormwater, and frequently uses, enjoys, and recreates in and around the Mercer Slough Nature Park and Lake Washington. For this member, having a natural refuge from the city close to their home is very important, particularly because of the aquatic environment Mercer Slough provides. This member walks through the Mercer Slough Nature Park every other day on various trails, and spends time along the waterways within the park, and intends to continue doing so in the future. This member enjoys recreating around Mercer Slough Nature Park in part because it provides opportunities to look for and view wildlife, and plans to continue to do so for the foreseeable future. A couple of times per year, this member kayaks through areas of the Mercer Slough by launching their kayak at Enatai Beach Park and paddling up through the mouth of Mercer Slough. This member intends to continue these semi-annual kayak trips on Lake Washington and in Mercer Slough for the foreseeable future. This member also swims in Lake Washington at Newcastle Beach Park a couple of times per month every year during the spring and summer, and plans to continue swimming at Newcastle Beach Park every year in the future. Additionally, this member volunteers to collect conservation-related data by scuba diving throughout the Puget Sound, gathering and analyzing data to track species such as salmon, whales, Giant Pacific Octopus, and sea sponges. This member has dived in the Puget Sound

COMPLAINT - 4

SMITH & LOWNEY, PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

every other week for the past decade and plans to continue to do so every other week for the foreseeable future. Another part of this member's volunteer work is helping to develop underwater sensors to measure metrics such as temperature, current speed, and turbidity.

12.     This member is aware that Republic Services discharges elevated levels of zinc, turbidity, and copper on a regular basis with its stormwater to Goff Creek, a tributary of Kelsey Creek which discharges to Mercer Slough and Lake Washington, and violates its permit. This member reasonably worries about the adverse impacts of Republic Services' discharges and violations on the waterways, people, fish, and wildlife that use and recreate around Mercer Slough, and feels deeply concerned about those impacts. This member is wary of where and how often they spend their time in Mercer Slough and Lake Washington due to their concerns about industrial stormwater pollution from facilities like Republic Services. These concerns lessen this member's enjoyment of the Mercer Slough area and Lake Washington.

13.     Defendant Republic Services Alliance Group, Inc. is a corporation authorized to conduct business under the laws of the state of Washington.

14.     Republic Services operates a solid waste collection facility located at or about 1600 127th Ave. NE, Bellevue, WA 98005 (referred to herein as the "facility").

### IV.     LEGAL BACKGROUND

15.     Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants by any person, unless in compliance with the provisions of the CWA. A discharge of a pollutant from a point source to waters of the United States without authorization by a NPDES permit, issued under Section 402 of the CWA, 33 U.S.C. § 1342, is prohibited.

16.     The state of Washington has established a federally approved state NPDES program administered by Ecology. Wash. Rev. Code § 90.48.260; Wash. Admin. Code ch. 173-

COMPLAINT - 5

220. This program was approved by the Administrator of the EPA pursuant to Section 402(b) of the CWA, 33 U.S.C. § 1342(b).

17.     Under Section 402 of the CWA, 33 U.S.C. § 1342, Ecology has repeatedly issued iterations of the Industrial Stormwater General Permits, most recently on December 2, 2024, effective January 1, 2025, and set to expire December 31, 2029 (the "2025 ISGP"). The previous permit was issued on November 20, 2019, effective January 1, 2020, and expired December 31, 2024 (the "2020 ISGP"). The 2020 ISGP and 2025 ISGP (collectively, "the Permit"), contain substantially similar requirements and authorize those that obtain coverage thereunder to discharge stormwater associated with industrial activity, a pollutant under the CWA, and other pollutants contained in the stormwater to waters of the United States subject to certain terms and conditions.

18.     The Permit imposes certain terms and conditions on those covered thereby, including requirements for monitoring and sampling of discharges, reporting and recordkeeping requirements, and restrictions on the quality of stormwater discharges. To reduce and eliminate pollutants in stormwater discharges, the Permit requires, among other things, that permittees develop and implement best management practices ("BMPs") and a Stormwater Pollution Prevention Plan ("SWPPP"), and apply all known and reasonable methods of prevention, control, and treatment ("AKART") to discharges. The specific terms and conditions of the Permit are described in detail in the Notice Letter, attached hereto as Exhibit 1 and incorporated herein by this reference.

## V.     FACTS

COMPLAINT - 6

19. Ecology granted Republic Services coverage for the facility under the 2020 ISGP under Permit number WAR006882. Republic Services was granted coverage under the 2025 ISGP under the same Permit number, WAR006882.

20. Republic Services discharges stormwater and pollutants associated with industrial activity to Goff Creek, a tributary of Kelsey Creek, which discharges to Mercer Slough and then to Lake Washington.

21. Republic Services' facility is engaged in industrial activities and is approximately 4.6 acres. Republic Services' facility has at least three distinct points of discharge where stormwater and other pollutants leave the facility and eventually enter Goff Creek and Kelsey Creek, including: (a) Outfall 28, (b) the point at which stormwater bypasses Republic Services' stormwater treatment system due to oil and sludge blockage (as described in Republic Services' 2024 and 2025 Annual Reports) and discharges untreated, and (c) surface runoff to roadside ditches via the facility's driveways and other low points.

22. Republic Services has violated and continues to violate "effluent standards or limitations," as defined by 33 U.S.C. §1365(f), including conditions of the NPDES permit. *See* 33 U.S.C. §§ 1311(a) and 1342. Republic Services' violations of the Permit and the CWA are set forth in sections I through IX of the Notice Letter attached hereto as <u>Exhibit 1</u> and are incorporated herein by this reference. In particular, and among the other violations described in the Notice Letter, Republic Services has violated the Permit by violating AKART standards, failing to prepare and implement an adequate SWPPP, failing to implement certain BMPs to control water quality, failing to collect and analyze quarterly samples as required, failing to timely submit Discharge Monitoring Reports as required, failing to comply with visual monitoring requirements, failing to implement corrective actions as required, failing to prevent

COMPLAINT - 7

SMITH & LOWNEY, PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

unlawful stormwater and non-stormwater discharges, violating annual report requirements, failing to record information, failing to retain records, failing to report Permit violations, and failing to timely provide Soundkeeper with a copy of Republic Services' SWPPP.

23.    Republic Services discharges stormwater from the facility containing levels of pollutants that exceed the benchmark values established by the Permit, including the days on which Republic Services collected samples with the results identified in Table 1, and is likely to continue discharging comparably unacceptable levels of pollutants in its stormwater:

**Table 1 – Monitoring Point D01 / Outfall 28[1] Benchmark Exceedances**

| Quarter in which sample collected | Zn Concentration Benchmark: 117 µg/L | Turbidity Benchmark: 25 NTU | Cu Concentration Benchmark: 14 µg/L |
|---|---|---|---|
| 1st Quarter 2020 | 320 µg/L | | |
| 2nd Quarter 2020 | 370 | 116.8 NTU | 16 µg/L |
| 3rd Quarter 2020 | 440 | 39.2 | 19 |
| 4th Quarter 2020 | 370 | 114 | |
| 1st Quarter 2021 | 230 | 126.3 | |
| 2nd Quarter 2021 | 190 | 58.7 | |
| 4th Quarter 2021 | 160 | | |
| 1st Quarter 2022 | 180 | 37.6 | |
| 2nd Quarter 2022 | 150 | | |
| 4th Quarter 2022 | 190 | | 19 |
| 1st Quarter 2023 | | 46.2 | |
| 2nd Quarter 2023 | 130 | 42 | |
| 3rd Quarter 2023 | 120 | 290 | 17 |
| 3rd Quarter 2024 | | | 21 |
| 4th Quarter 2024 | 190 | | 17.5 |
| 1st Quarter 2025 | 460 | 170 | 15 |
| 3rd Quarter 2025 | 290 | | |
| 4th Quarter 2025 | 190 | 48.74 | |
| 1st Quarter 2026 | 180 | 35 | |

---

[1] Monitoring Point D01 and Outfall 28 are designations known and used by Republic Services.

COMPLAINT - 8

24.     Republic Services attests that the stormwater samples identified in Table 1 are representative of and accurately characterize the quality of stormwater discharges generated by Republic Services' facility during the associated calendar quarters. The stormwater monitoring data provided in Table 1 shows benchmark exceedances included in the stormwater monitoring results that Republic Services submitted to Ecology.

25.     Republic Services' exceedances of the benchmark values indicate that Republic Services is failing to apply AKART to its discharges and is failing to implement an adequate SWPPP and BMPs. Republic Services violated and continues to violate Conditions S10 and S3 of the Permits by not developing, modifying, and/or implementing BMPs in accordance with the requirements of the Permit, and/or by not applying AKART to discharges from the facility. These requirements and Republic Services' violations thereof are described in detail in Section I and Section II of the Notice Letter, attached as Exhibit 1, and incorporated herein by this reference. These violations are reasonably likely to recur.

26.     Republic Services has violated and continues to violate the monitoring requirements of Conditions S3.B.5, S4.B, S5, S7, and S9 of the Permit. Republic Services has failed to sample its stormwater discharges at least once during every calendar quarter at each distinct point of discharge offsite except for substantially identical outfalls excluded by a sufficiently detailed analysis in the facility's SWPPP. Republic Services failed to analyze stormwater samples for fecal coliform, a required parameter, during the first, second, third, and fourth quarters of 2021; the first, second, third, and fourth quarters of 2022; the first, second, third, and fourth quarters of 2023; and the first, second, third, and fourth quarters of 2024. Similarly, Republic Services failed to analyze stormwater samples for E. coli, a required parameter, during the first quarter of 2025. Republic Services has also failed to analyze

COMPLAINT - 9

SMITH & LOWNEY, PLLC
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

stormwater samples every quarter for the past five years from the point at which untreated stormwater bypasses its stormwater treatment vault due to sludge and oil buildup, as described in Republic Services' 2024 and 2025 Annual Reports. Further, for the past five years Republic Services has entirely failed to monitor surface runoff from facility driveway(s) and other low points where stormwater runs off the facility. Republic Services has also failed to submit discharge monitoring reports with monitoring data from the bypass location and from surface runoff every quarter for the past five years. Republic Services has failed to submit a DMR within the time prescribed for any stormwater monitoring point at all for the second quarter of 2024. On information and belief, Republic Services has failed to comply with the visual monitoring requirements mandated by Permit Condition S7 by failing to conduct Industrial Stormwater Monthly Inspections, failing to maintain the requisite inspection reports and checklists, and failing to make the requisite certifications and summaries by qualified personnel each and every month for the last five years. Republic Services' violations of the Permit's monitoring requirements are described in Section III of the Notice Letter, attached hereto as Exhibit 1, and incorporated herein by this reference. These violations are reasonably likely to recur.

27.     Republic Services triggered Level One Corrective Action requirements under the Permit for each benchmark exceedance identified in Table 1, above. Republic Services has violated the requirements of Condition S8.B of the Permits by failing to conduct all Level One Corrective Action requirements in accordance with the Permit's conditions, including the required inspection to investigate the cause; review, revision, and certification of the SWPPP; the required implementation of additional operational source control BMPs; and the required summarization in the Annual Report, each time during the past five years that its quarterly stormwater sampling results were greater than a benchmark, including the benchmark

COMPLAINT - 10

exceedances listed in Table 1 above. These Corrective Action requirements and Republic Services' violations thereof are described in Section IV.A of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference. These violations are reasonably likely to recur.

28.    Republic Services triggered Level Two Corrective Action requirements for each benchmark exceedance identified in Table 1 above that occurred in any two quarters of a calendar year for the same pollutant parameter. Republic Services has violated the requirements of Condition S8.C of the Permits by failing to conduct a Level Two Corrective Action in accordance with Permit conditions, including the required review, revision, and certification of the SWPPP, the required implementation of additional structural source control BMPs, and the required summarization in the Annual Report, each time during the past five years that its quarterly stormwater sampling results were greater than a benchmark, for any two quarters during a calendar year for the same pollutant parameter, including the benchmark exceedances listed in Table 1, above. These violations include but are not limited to Republic Services' failure to timely perform Level Two Corrective Action requirements for copper, turbidity, and zinc triggered by its stormwater sampling during calendar year 2020; for turbidity and zinc triggered by its stormwater sampling during calendar year 2021; for zinc triggered by its stormwater sampling during calendar year 2022; for turbidity and zinc triggered by its stormwater sampling during calendar year 2023; and for copper triggered by its stormwater sampling during calendar year 2024. Republic Services must also perform Level Two Corrective Actions for turbidity and zinc triggered by its stormwater sampling during calendar year 2025. Although the deadline for implementing Level Two Corrective Actions for 2025 benchmark exceedances has not yet passed, on information and belief, Republic Services will violate its Level Two Corrective

COMPLAINT - 11

SMITH & LOWNEY, PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

Action requirements for these exceedances, as well. These corrective action requirements and Republic Services' violations thereof are described in Section IV.B of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference. These violations are reasonably likely to recur.

29.    Republic Services triggered Level Three Corrective Action requirements for each benchmark exceedance identified in Table 1 above that occurred in any three quarters of a calendar year for the same pollutant parameter. Republic Services has violated the requirements of Condition S8.D of the Permit by failing to conduct a Level Three Corrective Action in accordance with Permit conditions, including the required review, revision, and certification of the SWPPP, the required preparation and submission of an engineering report describing additional treatment BMPs, the required submission of an Operation and Maintenance Manual, the required implementation of additional treatment BMPs, and the required summarization in the Annual Report, each time during the past five years that its quarterly stormwater sampling results were greater than a benchmark for any three quarters during a calendar year, including the benchmark exceedances listed in Table 1 above. These violations include Republic Services' failure to timely perform Level Three Corrective Action requirements for turbidity and zinc triggered by its stormwater sampling during calendar year 2020; for zinc triggered by its stormwater sampling during calendar year 2021; for zinc triggered by its stormwater sampling during calendar year 2022; and for turbidity triggered by its stormwater sampling during calendar year 2023. Republic Services must also perform Level Three Corrective Actions for zinc triggered by its stormwater sampling during calendar year 2025. Although the deadline for implementing Level Three Corrective Actions for 2025 benchmark exceedances has not yet passed, on information and belief, Republic Services will violate its Level Three Corrective

COMPLAINT - 12

SMITH & LOWNEY, PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

Action requirements for these exceedances, as well. These corrective action requirements and Republic Services' violations thereof are described in Section IV.C of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference. These violations are reasonably likely to recur.

30.    Condition G25 of the ISGP prohibits bypass, which is defined as the intentional diversion of waste streams from any portion of a treatment facility. Republic Services has allowed stormwater to bypass its treatment system regularly for at least the past two years due to the accumulation of sludge and oil on treatment filters. Additionally, these instances of bypass do not qualify for any of the permissible exceptions detailed in Condition G25, such as for essential maintenance or where bypass is unavoidable to prevent loss of life, personal injury, or severe property damage. Republic Services' unlawful bypasses, along with its failure to timely notify Ecology of each bypass occurrence pursuant to Condition S9.F, are described in Section V.A of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference. These violations are reasonably likely to recur.

31.    Republic Services has violated the prohibition on illicit discharges of the Permit's Condition S5.E. As documented by the Department of Ecology during a 2022 inspection, Republic Services discharges process wastewater from its wash pad when it fails to contain wash water from rinsing out dumpsters and bins and the wash water flows over pavement to Republic Services' stormwater catch basins, which discharge to Goff Creek, a tributary of Kelsey Creek. These are illicit discharges under the Permit. Republic Services does not possess and has never possessed an NPDES permit for its non-stormwater discharges of this process wastewater. Discharging non-stormwater waters directly to Goff Creek from Republic Services' stormwater conveyance system is an unpermitted point-source discharge of pollutants to waters of the United

COMPLAINT - 13

SMITH & LOWNEY, PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

States that violates CWA Section 301(a), 33 U.S.C. § 1311(a), prohibition on pollutant discharges. These violations occurred on each and every day over the past five years that Republic Services rinsed out dirty waste bins and failed to contain the wash water and/or failed to completely empty the bins of all wash water within the indoor equipment cleaning area, allowing process wastewater to discharge to Republic Services' stormwater drainage system. These illicit and prohibited discharges are described in Sections V.B and V.C of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference. These violations are reasonably likely to recur.

32.    The Permit only authorizes the discharge of stormwater and pollutants contained therein. Republic Services' discharges of process wastewater from the facility directly to Goff Creek via Republic Services' stormwater conveyance and discharge system are not covered by the ISGP and violate Section 301(a) of the CWA, 33 U.S.C. § 1311(a). Republic Services' unpermitted discharges are described in Section V.C of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference. These violations are reasonably likely to recur.

33.    Republic Services has failed to comply with the requirement to submit an accurate and complete annual report to Ecology each year as required by Permit Condition S9.C. Republic Services has failed to comply with the requirement to document its corrective actions as required by Permit Conditions S8.B-D. Republic Services has violated these conditions because the annual reports submitted by Republic Services do not include the required information including as to corrective actions and as to identification of stormwater problems. These requirements and Republic Services' violations thereof are described in Section VI of the Notice Letter, attached

COMPLAINT - 14

Smith & Lowney, PLLC
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

hereto as Exhibit 1, and are incorporated herein by this reference. These violations are reasonably likely to recur.

34.     Republic Services has violated the recordkeeping requirements of Permit Condition S4.B.4 because Republic Services does not record and retain specified information for each stormwater sample taken, including the sample date and time, a notation describing if Republic Services collected the sample within the first 12 hours of stormwater discharge event, an explanation of why Republic Services could not collect a sample within the first 12 hours of a stormwater discharge event, the sample location, method of sampling and of preservation, and the individual performing the sampling, as required by the Permit Condition. These requirements and Republic Services' violations thereof are described in Section VII.A of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference. These violations are reasonably likely to recur.

35.     Republic Services has violated the record keeping requirements of Permit Condition S9.D. Republic Services does not retain for a minimum of five years a copy of the current Permit, a copy of Republic Services' coverage letter, records of all sampling information, inspection reports including required documentation, any other documentation of compliance with permit requirements, all equipment calibration records, all BMP maintenance records, all original recordings for continuous sampling instrumentation, copies of all laboratory results, copies of all required reports, and records of all data used to complete the application for the Permit, as required by the Permit Conditions. These requirements and Republic Services' violations thereof are described in Section VII.B of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference. These violations are reasonably likely to recur.

COMPLAINT - 15

SMITH & LOWNEY, PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

36.    Condition S9.F of the Permit requires Republic Services to take certain actions, including reporting to Ecology and immediately taking actions, in the event Republic Services is unable to comply with any terms and conditions of the Permit which may endanger human health or the environment. Republic Services has violated these requirements of the Permit by failing to report and correct permit violations, including each and every time Republic Services violated corrective action requirements as described above in paragraphs 27-29, each and every time Republic Services allows untreated stormwater to bypass its stormwater treatment system as described above in paragraph 30, each and every time Republic Services discharged illicit and/or non-stormwater discharges as described above in paragraph 31, and each and every time Republic Services discharged stormwater with amounts of pollutants in excess of the Permit benchmarks as described in paragraph 23 above. These requirements and Republic Services' violations thereof are described in Section VIII of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference. These violations are reasonably likely to recur.

37.    Condition S9.G of the Permit requires Republic Services to provide access to, or a copy of, its SWPPP to members of the public upon written request. The Permit requires that the SWPPP be made available within 14 days of the request, unless a current version is maintained at a readily accessible URL. Republic Services failed to provide a copy of, or access to, its SWPPP within 14 days of Soundkeeper's written request for such copy or access, contained within the Notice Letter. These requirements and Republic Services' violations thereof are described in Section IX of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference. These violations are reasonably likely to recur.

38.    A significant penalty should be imposed against Republic Services under the penalty factors set forth in 33 U.S.C. § 1319(d).

COMPLAINT - 16

SMITH & LOWNEY, PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

39.     Republic Services' violations were avoidable had Republic Services been diligent in overseeing facility operations and maintenance.

40.     Republic Services benefited economically as a consequence of its violations and failure to implement improvements at the facility.

41.     Republic Services' violations caused and contributed to pollution in the water column and sediments of the receiving water, which may be ameliorated by an order from the Court requiring clean up or monitoring.

## VI.    FIRST CAUSE OF ACTION

### (NPDES Permit Violations)

42.     The preceding paragraphs and the allegations in the Notice Letter attached hereto as Exhibit 1 are incorporated herein.

43.     Republic Services' violations of its NPDES permit described herein and in the Notice Letter constitute violations of "effluent standard(s) or limitation(s)" as defined by Section 505 of the CWA, 33 U.S.C. § 1365. Republic Services' violations of its NPDES permit described herein and in the Notice Letter also constitute violations of Section 301(a) of the CWA, 33 U.S.C. § 1311(a), which prohibits the discharge of pollutants by any person unless in compliance with the provisions of the CWA, including the discharges of pollutants from point sources to waters of the United States without authorization by a NPDES permit issued under Section 402 of the CWA, 33 U.S.C. § 1342.

44.     No agency has taken an enforcement action constituting diligent prosecution or otherwise precluding claims under 33 U.S.C. §§ 1319 or 1365(a).

45.     Prior notice of violations and claims was provided to Republic Services and others as required.

COMPLAINT - 17

SMITH & LOWNEY, PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

46. These violations committed by Republic Services are ongoing or are reasonably likely to reoccur. Any and all additional violations of the Permit and the CWA which occur after those described in Soundkeeper's Notice Letter, but before a final decision in this action, should be considered ongoing violations subject to this Complaint.

47. Without the imposition of appropriate civil penalties and the issuance of an injunction, Republic Services is likely to continue to violate the Permit and the CWA to the further injury of Soundkeeper, its members, and others.

48. A copy of this Complaint was served upon the Attorney General of the United States and the Administrator of the U.S. EPA as required by 33 U.S.C. § 1365(c)(3).

## VII.    SECOND CAUSE OF ACTION

### (Unpermitted Discharges)

49. The preceding paragraphs and the allegations in Section V.C of the Notice Letter, attached hereto as Exhibit 1, concerning discharges of pollutants without authorization by an NPDES permit, are incorporated herein.

50. Republic Services' violations described herein and in the Notice Letter constitute violations of Section 301 of the Clean Water Act, 33 U.S.C. § 1311, and violations of "effluent standard(s) or limitation(s)" as defined by Section 505, 33 U.S.C. § 1365.

51. No agency has taken an enforcement action constituting diligent prosecution or otherwise precluding claims under 33 U.S.C. §§ 1319 or 1365(a).

52. Prior notice of violations and claims was provided to Republic Services and others as required.

53. These violations committed by Republic Services are ongoing or are reasonably likely to continue to occur. Any and all additional violations of the CWA which occur after those

COMPLAINT - 18

described in Soundkeeper's Notice Letter, but before a final decision in this action, should be considered ongoing violations subject to this Complaint.

54.     Without the imposition of appropriate civil penalties and the issuance of an injunction, Republic Services is likely to continue to violate the CWA to the further injury of Soundkeeper, its members, and others.

55.     A copy of this Complaint was served upon the Attorney General of the United States and the Administrator of the U.S. EPA as required by 33 U.S.C. § 1365(c)(3).

## VIII.   RELIEF REQUESTED

Wherefore, Soundkeeper respectfully requests that this Court grant the following relief:

A.     Issue a declaratory judgment that Republic Services has violated and continues to be in violation of the Permit and the CWA;

B.     Enjoin Republic Services from operating the facility in a manner that results in further violations of the Permit and the CWA;

C.     Order Republic Services to immediately develop and implement a SWPPP that complies with the Permit at the facility;

D.     Order Republic Services to allow Soundkeeper to participate in the development and implementation of Republic Services' SWPPP and compliance plan;

E.     Order Republic Services to provide Soundkeeper, for a period beginning on the date of the Court's Order and running for three years after Republic Services achieves compliance with all of the conditions of the Permit, with copies of all reports and other documents which Republic Services submits to Ecology regarding Republic Services' coverage under the Permit at the facility at the time these documents are submitted;

COMPLAINT - 19

SMITH & LOWNEY, PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

F.      Order Republic Services to take specific actions to remediate the environmental harm caused by its violations;

G.      Order Republic Services to pay civil penalties of $68,445 per day of violation for each violation committed by Republic Services, pursuant to Sections 309(d) and 505(a) of the CWA, 33 U.S.C. §§ 1319(d) and 1365(a), and 40 C.F.R. § 19 and 19.4;

H.      Award Soundkeeper its litigation expenses, including reasonable attorneys' and expert witness fees, as authorized by Section 505(d) of the CWA, 33 U.S.C. § 1365(d), and any other applicable authorization; and

I.      Award such other relief as this Court deems appropriate.

RESPECTFULLY SUBMITTED this 11th day of June, 2026.

SMITH & LOWNEY, PLLC

By:      By: *s/Marc Zemel*
         Marc Zemel, WSBA #44325
         By: *s/Evelyn Mailander*
         Evelyn Mailander, WSBA #62827
         Attorneys for Plaintiff
         2317 E. John St.,
         Seattle, WA 98112
         Tel: (206) 860-2883
         Fax: (206) 860-4187
         E-mail: marc@smithandlowney.com,
         evelyn@smithandlowney.com

COMPLAINT - 20

# Exhibit 1

# SMITH & LOWNEY

## ——— PLLC ———

## ATTORNEYS AT LAW

April 8, 2026

**Via Certified Mail - Return Receipt Requested**

Managing Agent
Republic Services of Bellevue
1600 127th Ave. NE
Bellevue, WA 98005

Republic Services Alliance Group, Inc.
18500 North Allied Way
Phoenix, AZ 85054

**Re:    NOTICE OF INTENT TO SUE UNDER THE CLEAN WATER ACT AND REQUEST FOR
COPY OF STORMWATER POLLUTION PREVENTION PLAN**

Dear Managing Agent:

We represent Puget Soundkeeper Alliance ("Soundkeeper"), 130 Nickerson St. #107, Seattle, WA 98109, (206) 297-7002.  Any response or correspondence related to this matter should be directed to us at the letterhead address (Smith & Lowney, PLLC, 2317 E. John St., Seattle, WA 98112).  This letter is to provide you with sixty days' notice of Soundkeeper's intent to file a citizen suit against Republic Services Alliance Group, Inc. d/b/a Republic Services of Bellevue, also known as Eastside Disposal Hauling Co., also known as Bellevue Hauling Yard (hereafter referred to as "Republic Services") under section 505 of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, for the violations described below. This letter is also a request for a copy of the complete and current stormwater pollution prevention plan ("SWPPP") required by Republic Services' National Pollution Discharge Elimination System ("NPDES") permit.

Republic Services was granted coverage under Washington's Industrial Stormwater General Permit ("ISGP") issued by the Washington Department of Ecology ("Ecology") effective January 1, 2020 and expired on December 31, 2024 under NPDES No. WAR006882 (the "2020 Permit").  Ecology granted Republic Services coverage under the current iteration of the ISGP effective January 1, 2025, and set to expire on December 31, 2029 (the "2025 Permit") and maintains the same permit number, WAR006882.

Republic Services has violated and continues to violate effluent standards and limitations under the CWA (see 33 U.S.C. §§ 1365(f)) including the terms and conditions of the 2020 Permit and the 2025 Permit (collectively, the "Permits") with respect to operations of, and discharges of stormwater and pollutants from, its facility located at or about 1600 127th Ave. NE, Bellevue, WA 98005 (the "facility") as described herein, to



2317 East John Street, Seattle, Washington 98112
206-860-2883 | smithandlowney.com

Goff Creek, which eventually discharges to Lake Washington via Mercer Slough.  The facility subject to this notice includes any contiguous or adjacent properties owned or operated by Republic Services.

## I.    COMPLIANCE WITH STANDARDS.

Condition S10.C of the Permits requires Republic Services to apply all known and reasonable methods of prevention, control, and treatment ("AKART") to all discharges, including preparation and implementation of an adequate Stormwater Pollution Prevention Plan ("SWPPP") and best management practices ("BMPs"). Republic Services has violated and continues to violate these conditions by failing to apply AKART to its discharges or to implement an adequate SWPPP and BMPs, as evidenced by the elevated levels of pollutants in its discharge indicated in Table 1, a June 2022 Ecology Inspection Report, and as described below in this notice of intent to sue.

**Table 1 – Monitoring Point D01[1] Benchmark Exceedances**

| Quarter in which sample collected | Zn Concentration (Benchmark 117 µg/L) | Turbidity (Benchmark 25 NTU) | Cu Concentration (Benchmark 14 µg/L) |
|---|---|---|---|
| 1st Quarter 2020 | 320 µg/L | | |
| 2nd Quarter 2020 | 370 | 116.8 NTU | 16 µg/L |
| 3rd Quarter 2020 | 440 | 39.2 | 19 |
| 4th Quarter 2020 | 370 | 114 | |
| 1st Quarter 2021 | 230 | 126.3 | |
| 2nd Quarter 2021 | 190 | 58.7 | |
| 4th Quarter 2021 | 160 | | |
| 1st Quarter  2022 | 180 | 37.6 | |
| 2nd Quarter 2022 | 150 | | |
| 4th Quarter 2022 | 190 | | 19 |
| 1st Quarter  2023 | | 46.2 | |
| 2nd Quarter 2023 | 130 | 42 | |
| 3rd Quarter 2023 | 120 | 290 | 17 |
| 3rd Quarter 2024 | | | 21 |
| 4th Quarter 2024 | 190 | | 17.5 |
| 1st Quarter 2025 | 460 | 170 | 15 |
| 3rd Quarter 2025 | 290 | | |
| 4th Quarter 2025 | 190 | 48.74 | |

## II.    STORMWATER POLLUTION PREVENTION PLAN VIOLATIONS

Republic Services is in violation of the Permits' SWPPP provisions as follows:

1.  Conditions S3.A and S10.C of the Permits require Republic Services to develop and implement a SWPPP that is consistent with permit requirements, fully implemented as directed by permit conditions, and updated as necessary to maintain compliance with permit conditions. Republic Services has

---

[1] D01 is a monitoring point designation known and used by Republic Services.

Notice of Intent to Sue - 2

violated these requirements of the Permits each and every day during the last five years and continues to violate them because its SWPPP is not consistent with permit requirements, has not been fully implemented, and has not been updated as necessary.

2. The SWPPP fails to satisfy the requirements of Condition S3 of the Permits because it does not adequately describe BMPs.  Condition S3.B.4 of the Permits requires that the SWPPP include a description of the BMPs that are necessary for the facility to eliminate or reduce the potential to contaminate stormwater. Condition S3.A.2 of the Permits requires that the SWPPP include BMPs consistent with the Stormwater Management Manual for Western Washington (SWMMWW), available at https://fortress.wa.gov/ecy/ezshare/wq/SWMMs/2024SWMMWW/2024_SWMMWW.htm or document how stormwater BMPs included in the SWPPP are demonstratively equivalent to the practices contained in the approved stormwater technical manuals, including the proper selection, implementation, and maintenance of all applicable and appropriate BMPs.  Republic Services' SWPPP does not comply with these requirements because it does not adequately describe BMPs, particularly the BMPs described as "applicable" in the SWMMWW. Rather, the SWPPP includes language copied verbatim from the SWMMWW and is lacking a detailed explanation of how and where the selected "applicable" BMPs are being implemented at the facility.

3. Republic Services' SWPPP fails to satisfy the requirements of Condition S3.B.1 of the Permits because it does not include a site map that identifies the size of the property in acres, a unique identifying number for each discharge point, the direction of stormwater flow for the northernmost portion of the site, the location and extent of all impervious surfaces, areas of pollutant contact associated with specific industrial activities, areas of existing and potential soil erosion, fueling locations, locations where vehicles are parked or stored, locations of all structural source control BMPs (e.g., berming, curbing, and/or grading; structural source control BMPs associated with cleaning operations), and the locations and sources of run-on to the site from adjacent properties that may contain pollutants.

4. Republic Services' SWPPP fails to comply with Condition S3.B.2.b of the Permits because it does not include an inventory of industrial activities that identifies all areas associated with industrial activities that have been or may potentially be sources of pollutants as required. The SWPPP does not identify all areas associated with loading and unloading of materials handled at the facility, outdoor storage of materials or products, onsite dust or particulate generating processes, roofs or other surfaces exposed to air emissions from a process area, and roofs or other surfaces composed of materials that may be mobilized by stormwater, as required by this condition.

5. Republic Services' SWPPP does not comply with Condition S3.B.2.c of the Permits because it does not include an adequate inventory of materials. The SWPPP does not include a list of significant spills and significant leaks of toxic or hazardous pollutants as these permit conditions require; rather, the SWPPP arbitrarily limits the spill history to the past five years.

6. Republic Services' SWPPP does not comply with Condition S3.B.3 of the Permits because it does not identify specific individuals by name or title whose responsibilities include SWPPP development and maintenance.

7. Condition S3.B.4 of the Permits requires that permittees include in their SWPPPs and implement certain mandatory BMPs unless site conditions render the BMP unnecessary or infeasible, and an

alternative and demonstrably equivalent BMP is provided. Republic Services is in violation of this requirement because it has failed to include in its SWPPP and implement the mandatory BMPs of the Permits.

8.   Republic Services' SWPPP does not comply with Condition S3.B.4.b.i of the Permits because it does not include required operational source control BMPs in the following categories: good housekeeping (including definition of ongoing maintenance and cleanup of areas that may contribute pollutants to stormwater discharges, and a schedule/frequency for each housekeeping task, such as identification and control of sources of dust, and identification of how new and used tires are stored as required); preventive maintenance (including BMPs to inspect and maintain stormwater drainage, source controls, treatment systems, and plant equipment and systems, and the schedule/frequency for each task as well as a maintenance log for completing each task); employee and contractor/vendor training (including an overview of what is in the SWPPP, who is responsible for maintaining the SWPPP, and its location onsite, spill response procedures, good housekeeping, maintenance requirements, and material management practices, how training will be conducted, a log of the dates on which specific employees received training, and a report of all electronically performed trainings, as applicable); inspections and recordkeeping (including documentation of procedures to ensure compliance with permit requirements for inspections and recordkeeping, provision of a tracking or follow-up procedure to ensure that a report is prepared and appropriate action taken in response to visual monitoring, definition of how Republic Services will comply with signature and record retention requirements, certifications of compliance with the SWPPP and Permit, and all completed inspection reports).

9.   Republic Services' SWPPP does not comply with Condition S3.B.4.b.i.7 of the Permits because it does not include measures to eliminate the discharge of process wastewater, domestic wastewater, noncontact cooling water, and other illicit discharges to stormwater sewers, or to surface waters and ground waters of the state.

10.  Republic Services' SWPPP does not comply with Condition S3.B.4.b.ii of the Permits because it does not include required structural source control BMPs to minimize the exposure of manufacturing, processing, and material storage areas to rain, snow, snowmelt, and runoff, such as grading, berming or curbing to prevent stormwater from reaching contaminated areas and specification of how cleaning operations will be performed to prevent wash water runoff from entering the stormwater drainage system.

11.  Republic Services' SWPPP fails to satisfy the requirements of Condition S3.B.5 of the Permits because it fails to include a stormwater sampling plan as required.  The SWPPP does not include a sampling plan that: identifies points of discharge to surface waters, stormwater drainage systems, or discrete groundwater infiltration locations; documents why each discharge point is not sampled; identifies each sampling point by its unique identifying number; and identifies all parameters for analysis, including E. coli.

## III.    MONITORING AND REPORTING VIOLATIONS

### A.      Failure to Collect Quarterly Samples

Condition S4.B of the Permits requires Republic Services to collect a sample of its stormwater discharge once during every calendar quarter from each designated sampling location.  Conditions S4.B.3.a of the 2020 Permit and S4.B.3 of the 2025 Permit require Republic Services to collect stormwater samples at each distinct point of discharge offsite except for substantially identical outfalls, in which case only one of the substantially identical outfalls must be sampled.  These conditions set forth sample collection criteria but require the

collection of a sample even if the criteria cannot be met.  The facility has at least three distinct points of discharge off-site: Outfall 28, as well as where stormwater bypasses Republic Services' stormwater treatment system due to oil and sludge clogging the filter as described in Republic Services' 2024 Annual Report, and also surface runoff from the facility's driveways and other locations.

Republic Services violated these requirements by failing to collect stormwater samples at any of its discharge points during the third quarter of 2021 and third quarter of 2022.

Republic Services has also violated and continues to violate these conditions because it does not sample each distinct point of discharge off-site, including where stormwater bypasses its treatment system due to accumulated sludge buildup and surface runoff, which are not substantially identical to any of Republic Services' other discharge points. These violations have occurred and continue to occur each and every quarter during the last five years that Republic Services was and is required to sample its stormwater discharges, including the quarters in which it collected stormwater discharge samples from some, but not each, point of discharge. These violations will continue until Republic Services commences monitoring all distinct points of discharge.

### B.      Failure to Analyze Quarterly Samples

Condition S5.A.1 of the Permits requires Republic Services to analyze stormwater samples collected quarterly for turbidity, pH, total copper, total zinc, fecal coliform (applicable from January 1, 2020 – December 31, 2024), E. coli (as of January 1, 2025), and six PFAS compounds (as of January 1, 2025).

Republic Services violated these conditions by failing to analyze stormwater samples for fecal coliform for the first, second, third, and fourth quarters of 2021; the first, second, third, and fourth quarters of 2022; the first, second, third, and fourth quarters of 2023; and the first, second, third, and fourth quarters of 2024. Additionally, Republic Services violated these conditions by failing to analyze stormwater samples for E. coli for the first quarter of 2025.

### C.      Failure to Timely Submit Discharge Monitoring Reports

Condition S9.B of the Permits requires Republic Services to use DMR forms provided or approved by Ecology to summarize, report and submit monitoring data to Ecology.  For each monitoring period (calendar quarter) a DMR must be completed and submitted to Ecology not later than 45 days after the end of the monitoring period.  Republic Services has violated these conditions by failing to submit a DMR within the time prescribed for the second quarter of 2024. Additionally, Republic Services has violated these conditions by failing to submit any DMR at all in the past five years for sheet flow runoff leaving the facility via the driveway and other low points and for the point where stormwater bypasses its treatment system due to accumulated sludge buildup, as described in the 2024 Annual Report.

### D.      Failure to Comply with Visual Monitoring Requirements

Conditions S7.A and B of the Permits require that monthly visual inspections be conducted at the facility by qualified personnel.  Each inspection is to include observations made at stormwater sampling locations and areas where stormwater associated with industrial activity is discharged, observations for the presence of floating materials, visible oil sheen, discoloration, turbidity, odor, etc. in the stormwater discharges,

observations for the presence of illicit discharges or illicit connections, a verification that the descriptions of potential pollutant sources required by the permit are accurate, a verification that the site map in the SWPPP reflects current conditions, and an assessment of all BMPs that have been implemented (noting the effectiveness of the BMPs inspected, the locations of BMPs that need maintenance, the reason maintenance is needed and a schedule for maintenance, and locations where additional or different BMPs are needed). Once annually, dumpsters must be inspected for holes or defects.

Condition S7.C of the Permits requires that Republic Services record the results of each inspection in an inspection report or checklist that is maintained on-site and that documents the observations, verifications, and assessments required. The report/checklist must include the time and date of the inspection, the locations inspected, a statement that, in the judgment of the person conducting the inspection and the responsible corporate officer, the facility is either in compliance or out of compliance with the SWPPP and the Permits, a summary report and schedule of implementation of the remedial actions that Republic Services plans to take if the site inspection indicates that the facility is out of compliance, the name, title, signature and certification of the person conducting the facility inspection, and a certification and signature of the responsible corporate officer or a duly authorized representative.

Republic Services is in violation of these requirements of Condition S7 of the Permits because, during the last five years, it has failed to conduct each of the requisite visual monitoring and inspections, failed to prepare and maintain the requisite inspection reports or checklists, and failed to make the requisite certifications and summaries.

## IV.    CORRECTIVE ACTION VIOLATIONS

### A.    Violations of the Level One Requirements

Condition S8.B of the Permits requires Republic Services take specified actions, called a "Level One Corrective Action," each time quarterly stormwater sample results exceed a benchmark value or are outside the benchmark range for pH.

As described by Condition S8.B of the Permits, a Level One Corrective Action requires Republic Services to: (1) review the SWPPP for the facility and ensure that it fully complies with Condition S3 of the Permits and contains the correct BMPs from the applicable Stormwater Management Manual; (2) make appropriate revisions to the SWPPP to include additional operational source control BMPs with the goal of achieving the applicable benchmark values in future discharges and sign and certify the revised SWPPP in accordance with Condition S3.A.6 of the Permits; and (3) summarize the Level One Corrective Action in the Annual Report required under Condition S9.B of the Permits. Condition S8.B.3 of the 2020 Permit and S8.B.2 of the 2025 Permit requires Republic Services to implement the revised SWPPP as soon as possible, and no later than the DMR due date for the quarter the benchmark was exceeded.

Condition S5.A and Table 2 of the Permits establishes the following benchmarks: turbidity 25 NTU; pH 5 – 9 SU; total copper 14 µg/L; and total zinc 117 µg/L.

Republic Services has violated the requirements of the Permits described above by failing to timely conduct a Level One Corrective Action in accordance with permit conditions, including the required review, revision and certification of the SWPPP, the required implementation of additional BMPs, and the required

summarization in the annual report each time in the last five years its quarterly stormwater sampling results were greater than a benchmark or outside the benchmark range for pH, including the benchmark excursions listed in Table 1 above.

**B.      Violations of the Level Two Requirements**

Condition S8.C of the Permits requires Republic Services take specified actions, called a "Level Two Corrective Action," each time quarterly stormwater sample results exceed an applicable benchmark value or are outside the benchmark range for pH for any two quarters during a calendar year.

As described by Condition S8.C of the Permits, a Level Two Corrective Action requires Republic Services to: (1) review the SWPPP for the facility and ensure that it fully complies with Condition S3 of the Permits; (2) make appropriate revisions to the SWPPP to include additional structural source control BMPs in all areas/discharge points that exceeded the benchmark parameter with the goal of achieving the applicable benchmark value(s) in future discharges and sign and certify the revised SWPPP in accordance with Condition S3.A.5 of the Permits; and (3) summarize the Level Two Corrective Action (planned or taken) in the Annual Report required under Condition S9.C of the Permits.  Condition S8.C.4 of the Permits requires Republic Services implement the revised SWPPP according to Condition S3 of the Permits and the applicable stormwater management manual as soon as possible, and no later August 31st of the following year.

The Permits establish the benchmarks applicable to Republic Services described in section IV.A of this notice of intent to sue letter.

Republic Services has violated the requirements of the Permits described above by failing to conduct a Level Two Corrective Action in accordance with permit conditions, including the required review, revision and certification of the SWPPP, the required implementation of additional BMPs, including additional structural source control BMPs, and the required summarization in the annual report each time in the last five years its quarterly stormwater sampling results were greater than a benchmark or outside the benchmark range for pH for any two quarters during a calendar year.  As indicated in Table 1 above, these violations include, but are not limited to, Republic Services' failure to timely fulfill these obligations for turbidity, zinc and copper triggered by its stormwater sampling during calendar year 2020; for turbidity and zinc triggered by its stormwater sampling during calendar year 2021; for zinc triggered by its stormwater sampling during calendar year 2022; for turbidity and zinc triggered by its stormwater sampling during calendar year 2023; and for copper triggered by its stormwater sampling during calendar year 2024. Republic Services has triggered Level Two Corrective Actions for zinc and turbidity in calendar year 2025. Should Republic Services fail to timely comply with the Level Two Corrective Action requirements for its 2025 benchmark exceedances, Soundkeeper intends to sue for these violations, as well.

**C.      Violations of the Level Three Requirements**

Condition S8.D of the Permits requires Republic Services take specified actions, called a "Level Three Corrective Action," each time quarterly stormwater sample results exceed an applicable benchmark value or are outside the benchmark range for pH for any three quarters during a calendar year.

As described by Condition S8.D of the Permits, a Level Three Corrective Action requires Republic Services to: (1) review the SWPPP for the facility and ensure that it fully complies with Condition S3 of the

Permits; (2) make appropriate revisions to the SWPPP to include additional treatment BMPs in all areas/discharge points that exceeded the benchmark parameter with the goal of achieving the applicable benchmark value(s) in future discharges and additional operational and/or structural source control BMPs if necessary for proper function and maintenance of treatment BMPs, and sign and certify the revised SWPPP in accordance with Condition S3.A.5 of the Permits; and (3) summarize the Level Three Corrective Action (planned or taken) in the Annual Report required under Condition S9.C of the Permits, including information on how monitoring, assessment, or evaluation information was (or will be) used to determine whether existing treatment BMPs will be modified/enhanced, or it new/additional treatment BMPs will be installed.  Condition S8.D.2 of the Permits requires that a licensed professional engineer, geologist, hydrogeologist, of certified professional in stormwater quality must review, sign, and certify the portion of the SWPPP that addresses stormwater treatment structures or processes.  *See* Permit Appendix 2 (defining "qualified industrial stormwater professional").

Condition S8.D.3 of the Permits requires that, before installing BMPs that require the site-specific design or sizing of structures, equipment, or processes to collect, convey, treat, reclaim, or dispose of industrial stormwater, Republic Services submit an engineering report, plans, and specifications, and an operations and maintenance manual to Ecology for review in accordance with chapter 173-204 of the Washington Administrative Code.  The engineering report must be submitted no later than six months after the last day of the calendar year in which the Level 3 was triggered (2025 Permit) or by the May 15th prior to the Level 3 deadline (2020 Permit).  The plans and specifications and the operations and maintenance manual must be submitted to Ecology no later than 30 days after construction/installation is complete.

Condition S8.D.5 of the Permits requires Republic Services fully implement the revised SWPPP according to condition S3 of the Permits and the applicable stormwater management manual as soon as possible, and no later than September 30th of the following year.

The Permits establish the benchmarks applicable to Republic Services described in section IV.A of this notice of intent to sue letter.

Republic Services has violated the requirements of the Permits described above by failing to timely conduct a Level Three Corrective Action in accordance with permit conditions, including: the required review, revision and certification of the SWPPP; the requirement to have a specified professional sign and certify the portion of the SWPPP pertaining to treatment; the required implementation of additional BMPs, including additional treatment BMPs; the required submission of an engineering report, plans, specifications, and an operations and maintenance plan; and the required summarization in the annual report each time in the last five years its quarterly stormwater sampling results were greater than a benchmark or outside the benchmark range for pH for any three quarters during a calendar year. As indicated in Table 1 above, these violations include, but are not limited to, Republic Services' failure to fulfill these obligations for turbidity and zinc triggered by its stormwater sampling during calendar year 2020; for zinc triggered by its stormwater sampling during calendar year 2021; for zinc triggered by its stormwater sampling during calendar year 2022; and for turbidity triggered by its stormwater sampling during calendar year 2023. Republic Services has triggered a Level Three Corrective Action for zinc in calendar year 2025. Should Republic Services fail to timely comply with the Level Three Corrective Action requirements for its 2025 benchmark exceedances, Soundkeeper intends to sue for these violations, as well.

It is reasonably likely that Republic Services' failure to timely complete requisite Level Two and Level Three Corrective Actions will reoccur. Republic Services requested a time extension to complete Level Two and Level Three Corrective Actions required due to benchmark exceedances in 2020, which resulted in Ecology issuing Administrative Order No. 20397 ("AO 20397") on August 10, 2021. AO 20397 required Republic Services to complete the Level Three Corrective Action by September 30, 2022. Republic Services specifically requested the extension of time to allow for the necessary City of Bellevue permitting processes required by "Phase 2" of the planned Level Three Corrective Action, which involved upgrading the manhole filter, converting part of the existing filtration swale on site to a concrete swale/stilling basin, converting the existing media filtration vault to a coalescing plate oil-water separator, and replacement of the existing oil-water separator with a sand/zeolite media vault and sediment forebay. However, Republic Services did not comply with the deadline set forth in AO 20397, and only purported to have met its corrective action requirements in April 2024. *See* Republic Services' 2023 and 2024 Annual Reports. Republic Services did not request another time extension from Ecology, instead completing "Phase 2" of the Level Three Corrective Action nearly two years past the Ecology-mandated deadline. Republic Services also has not implemented any additional Level Two or Level Three Corrective Actions for benchmark exceedances that occurred after 2021. Based on Republic Services' history of disregard for corrective action deadlines, both Permit-based and Ecology-required, Soundkeeper is not confident that Republic Services will comply with the 2026 deadlines for Level Two and Three Corrective Actions triggered by its stormwater sampling in 2025, or subsequent Level Two and Three Corrective Actions that Republic Service is likely to continue triggering.

## V.     UNLAWFUL DISCHARGES

### A.     Bypass

Condition G25 of the Permits prohibits bypass. Appendix 2 to the Permits defines "bypass" as "the intentional diversion of waste streams from any portion of a treatment facility." Per Condition G25, bypass is only permissible if it is 1) for essential maintenance and has no potential to violate permit limits or conditions, 2) unanticipated bypass is unavoidable to prevent loss of life, personal injury, or severe property damage, and there are no feasible alternatives to bypass, or 3) the bypass is anticipated, and the permittee notifies Ecology at least 30 days in advance of the planned bypass and Ecology approves such bypass.

Republic Services' discharges of stormwater from its oil-water separator violate this Permit condition. Republic Services' 2024 Annual Report states that on November 21, 2024, facility personnel discovered that "[o]il and sludge from the [oil-water separator]…have partially clogged the top of the sand vault filter, and water was overtopping through the high-flow bypass riser, bypassing full filtration." This Annual Report unequivocally indicates that Republic Services' stormwater treatment system has been periodically going into bypass during operation. Republic Services is in the best position to know when these bypasses have occurred. However, on information and belief, Republic Services' stormwater treatment system has been regularly bypassing since at least November 21, 2024.

Republic Services' bypasses do not qualify for any of the allowable exceptions in Permit Condition G25. Republic Services violated Condition G25 by unlawfully bypassing untreated stormwater from its treatment system each and every day in the last five years that stormwater exceeded the filtration capacity of Republic Services' treatment system due to oil and sludge buildup and discharged untreated to Goff Creek.

Notice of Intent to Sue - 9

Further, Republic Services has violated Permit Condition S9.F by failing to report each and every occurrence of bypass to Ecology. Condition S9.F requires Republic Services to take certain actions in the event Republic Services is unable to comply with any of the terms and conditions of the ISGP which may endanger human health or the environment. In such circumstances, Republic Services must immediately take action to minimize potential pollution or otherwise stop the noncompliance and correct the problem, and Republic Services must immediately notify the appropriate Ecology regional office of the failure to comply. Republic Services must then submit a detailed written report to Ecology, including specified details, within 5 days of the time Republic Services became aware of the circumstances, unless Ecology requests an earlier submission.

Republic Services has violated the requirements of Permit Condition S9.F each and every time it discharged untreated stormwater as a result of a stormwater treatment system bypass and failed to timely and appropriately notify Ecology. These violations may endanger human health or the environment.

### B.    Illicit and Prohibited Discharges

Republic Services discharges dirty wash water that it uses to rinse out bins and dumpsters to its stormwater conveyance system, which eventually discharges to Goff Creek. These discharges occur every time Republic Services rinses out bins and fails to contain the wash water or completely empty the bins of all water within the indoor equipment cleaning area. A 2022 Ecology inspection observed rinse water from washing the bins flowing over the pavement at the facility towards Republic Services' stormwater catch basins. Ecology's inspection report observed that Republic Services was out of compliance with Conditions S3.B.4.i.7 and S3.B.4.ii.b and .c of the Permits based on these illicit discharges.

Condition S5.E of the Permits prohibits the discharge of process wastewater (including stormwater that comingles with process wastewater) and illicit discharges or connections. Appendix 2 to the Permits defines "illicit discharges" as "any discharge that is not composed entirely of stormwater," with some limited exceptions not relevant here. Condition S5.F of the Permits requires Republic Services to manage stormwater to prevent the discharge of synthetic, natural or processed oil or oil containing products as identified by an oil sheen, and trash and floating debris, prohibiting those discharges. Republic Services' discharges of dirty rinse water from bin washing operations violates these Permit conditions. These prohibited discharges occurred each and every day over the past five years that Republic Services rinsed out dirty waste bins and failed to contain the wash water and/or failed to completely empty the bins of all wash water within the indoor equipment cleaning area and are reasonably likely to continue to occur.

Condition S7.B.3.b of the 2020 Permit and S7.B.4.b of the 2025 Permit also require Republic Services to eliminate illicit discharges within 30 days of discovery; and Condition S3.B.4.b.i.7 of the Permits requires Republic Services' SWPPP to include measures to identify and eliminate illicit discharges to surface waters. Republic Services violated these requirements by failing to eliminate its illicit discharges altogether over the last five years.

Additionally, Condition S7.B.3.a of the 2020 Permit and S7.B.4.a requires Republic Services to notify the Department of Ecology within seven days of any discovery of an illicit discharge. Republic Services violated this requirement by failing to notify Ecology about its illicit discharges within seven days of each occurrence over the past five years.

### C.    Unpermitted Discharges

Notice of Intent to Sue - 10

The Permits authorize only the discharges of stormwater and pollutants contained in stormwater. Republic Services does not possess and has never possessed an NPDES permit for its non-stormwater direct discharges of process wastewater from rinsing out its waste bins. This pollutant discharges from defined, discrete equipment, such as the waste bins themselves, where it enters Republic Services' stormwater conveyance system which discharges to Goff Creek. These point source discharges violate the Clean Water Act's § 301(a), 33 U.S.C. § 1311(a), prohibition on pollutant discharges.  These violations occurred on June 22, 2022, the date of Ecology's inspection, as well as each and every day over the past five years on which Republic Services conducted bin washing without appropriate wash water containment and/or failed to completely empty the bins of all wash water within the indoor equipment cleaning area and are reasonably likely to continue to occur whenever such bin washing occurs going forward.

## VI.    VIOLATIONS OF THE ANNUAL REPORT REQUIREMENTS

Condition S9.C of the Permits requires Republic Services to submit an accurate and complete annual report to Ecology no later than May 15 of each year. The annual report must include corrective action documentation as required in Condition S8.B – D of the Permits. If a corrective action is not yet completed at the time of submission of the annual report, Republic Services must describe the status of any outstanding corrective action. Specific information to be included in the annual report is identification of the conditions triggering the need for corrective action, description of the problem and identification of dates discovered, summary of any Level 1, 2, or 3 corrective actions completed during the previous calendar year, including the dates corrective actions were completed, and description of the status of any Level 2 or 3 corrective actions triggered during the previous calendar year, including identification of the date Republic Services expects to complete corrective actions.

Republic Services has violated this condition. The annual report submitted by Republic Services for 2024 (in 2025) does not include the required information. For example, the report repeats the same Level 1, 2, and 3 corrective actions for each parameter for which a benchmark was exceeded, even for those with only a single benchmark exceedance and despite the fact that Republic Services did not trigger a Level 3 Corrective Action in 2024, and there is no description of the additional operational source control, structural source control, or treatment BMPs Republic Services implemented or plans to implement as part of its Level 1 or 2 corrective actions triggered by its 2024 benchmark exceedances.

The annual report submitted by Republic Services for 2023 (in 2024) is similarly deficient, in that it describes the same Level 1, 2, and 3 corrective actions regardless of the number of benchmark exceedances for each parameter and does not describe the additional BMPs implemented or planned to be implemented in response to the 2023 benchmark exceedances; rather, it describes corrective actions planned and taken as part of Republic Services' response to 2020 benchmark exceedances. The 2023 Annual Report itself even notes, "these operational source controls alone had not been effective in reducing the runoff turbidity to below the benchmark level and a level 3 [sic] corrective action was initiated in 2023," but does not describe any additional Level Three Corrective Action beyond what was proposed in a 2021 engineering report.

The annual report submitted by Republic Services for 2022 (in 2023) is deficient for the same reasons as the 2023 and 2024 Annual Reports, and additionally because it fails to describe all of the stormwater problems at the facility, such as those identified in a June 2022 Ecology inspection report.

The annual report submitted by Republic Services for 2021 (in 2022) is deficient for the same reasons as the 2023 and 2024 Annual Reports, and additionally because it lists corrective actions supposedly responsive to 2021 benchmark exceedances that were completed in 2020.

## VII.    VIOLATIONS OF THE RECORDKEEPING REQUIREMENTS

### A.    Failure to Record Information

Condition S4.B.4 of the Permits requires Republic Services to record and retain specified information for each stormwater sample taken, including the sample date and time, a notation describing if Republic Services collected the sample within the first 12 hours of stormwater discharge event, an explanation of why Republic Services could not collect a sample within the first 12 hours of a stormwater discharge event, the sample location, method of sampling and of preservation, and the individual performing the sampling. Republic Services is in violation of these conditions as it has not recorded each of these specified items for each sample taken during the last five years.

### B.    Failure to Retain Records

Condition S9.D of the 2020 Permits require Republic Services to retain for a minimum of five years a copy of the current Permit, a copy of Republic Services' coverage letter, records of all sampling information, inspection reports including required documentation, any other documentation of compliance with permit requirements, all equipment calibration records, all BMP maintenance records, all original recordings for continuous sampling instrumentation, copies of all laboratory results, copies of all required reports, and records of all data used to complete the application for the Permit. Republic Services is in violation of these conditions because it has failed to retain records of such information, reports, and other documentation during the last five years.

## VIII.   FAILURE TO REPORT PERMIT VIOLATIONS

Condition S9.F of the Permits requires Republic Services to take certain actions in the event Republic Services is unable to comply with any of the terms and conditions of the Permits which may endanger human health or the environment, or exceed any numeric effluent limitation in the permit. In such circumstances, Republic Services must immediately take action to minimize potential pollution or otherwise stop the noncompliance and correct the problem, and Republic Services must immediately notify the appropriate Ecology regional office of the failure to comply. Republic Services must then submit a detailed written report to Ecology, including specified details, within 5 days of the time Republic Services became aware of the circumstances, unless Ecology requests an earlier submission.

Republic Services routinely violates these requirements, including each and every time Republic Services discharges illicit and/or non-stormwater discharges, as described in section V to this notice of intent to sue, above; each and every time Republic Services allows untreated stormwater to bypass its stormwater treatment system, as described in section V to this notice of intent to sue, above; each and every time Republic Services failed to comply with the corrective action requirements described in section IV of this notice of intent to sue; and each and every time Republic Services discharged stormwater with concentrations of pollutants in excess of the Permit benchmarks, as described in Table 1, above. All these violations may endanger human health or the environment.

Notice of Intent to Sue - 12

## IX.    REQUEST FOR SWPPP

Pursuant to Condition S9.G of the Permits, Soundkeeper hereby requests that Republic Services provide a copy of, or access to, its SWPPP complete with all incorporated plans, monitoring reports, checklists, and training and inspection logs.  The copy of the SWPPP and any other communications about this request should be directed to the undersigned at the letterhead address.

Should Republic Services fail to provide the requested complete copy of, or access to, its SWPPP as required by Condition S9.G of the Permits, it will be in violation of that condition, which violation shall also be subject to this notice of intent to sue and any ensuing lawsuit.

## X.    CONCLUSION

The above-described violations reflect those indicated by the information currently available to Soundkeeper.  These violations are ongoing. Soundkeeper intends to sue for all violations, including those yet to be uncovered and those committed after the date of this Notice of Intent to Sue.

Under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), each of the above-described violations subjects the violator to a penalty of up to $68,445 per violation per day. *See* 40 C.F.R. § 19.4. In addition to civil penalties, Soundkeeper will seek injunctive relief to prevent further violations under Sections 505(a) and (d) of the CWA, 33 U.S.C. § 1365(a) and (d), and such other relief as is permitted by law. Further, Section 505(d) of the CWA, 33 U.S.C. § 1365(d), permits prevailing parties to recover costs, including attorney's fees.

Soundkeeper believes that this NOTICE OF INTENT TO SUE sufficiently states grounds for filing suit. We intend, at the close of the 60-day notice period, or shortly thereafter, to file a citizen suit against Republic Services Alliance Group, Inc. under Section 505(a) of the Clean Water Act for violations.

During the 60-day notice period, we would be willing to discuss effective remedies for the violations addressed in this letter and settlement terms. If you wish to pursue such discussions in the absence of litigation, we suggest that you initiate those discussions within 10 days of receiving this notice so that a meeting can be arranged and so that negotiations may be completed promptly. We do not intend to delay the filing of a complaint if discussions are continuing when the notice period ends.

Sincerely,

SMITH & LOWNEY, PLLC

By:    */s/ Evelyn Mailander*
Evelyn Mailander
*/s/ Marc Zemel*
Marc Zemel

cc:    Lee Zeldin, Administrator, U.S. EPA

Notice of Intent to Sue - 13

Emma Pokon, Region 10 Administrator, U.S. EPA
Casey Sixkiller, Director, Washington Department of Ecology
CT Corporation System, Registered Agent (711 Capitol Way S, Suite 204, Olympia, WA 98501)